NATHANIEL G. NYE et ux. *v.* N. G. SLAUGHTER, Adm'r, &c.

In overruling a demurrer to a bill of revivor, the court should not order the party who demurs to plead or answer the bill within a certain time, but should proceed immediately to make the proper order reviving the decree. *Aliter* where it is an original bill.

In all proceedings to revive decrees, and where the defendant's demurrer is overruled, the court should require a showing of merits before permitting the party to plead or answer.

ON appeal from the superior court of chancery; Hon. Charles Scott, chancellor.

In January, 1849, William R. Beall obtained a decree in the superior court of chancery against Nye and wife, to foreclose a mortgage, and after that decree was rendered, Beall died, when N. G. Slaughter took out letters of administration upon his estate, and filed a bill against Nye and wife to revive the decree in his name, as administrator of Beall's estate. The defendants demurred to the bill of revivor, which demurrer the court below overruled, and defendants prayed an appeal to this court.

*Potter* for appellants.

1. The bill is not a formal bill of revivor, and is defective in not setting out the previous proceedings. Story, Eq. Pl. § 374. The bill is also defective in not being addressed to any person or any court. Story, Eq. Pl. § 26.

2. The chancellor erred in directing a revivor, or disallowing the demurrer, without ordering defendants to plead or answer. It is argued that defendants were not entitled to plead, because they had already demurred, and " two dilatories are not allowed." Judge Story has well defined dilatory pleas, as " in the nature of pleas in abatement." Story, Eq. Pl. § 708.

But granting our demurrer to be one dilatory, how could the chancellor assume that our plea would be the like ? A dilatory objection is one that relates to some present temporary obstacle,

and does not go in bar of a recovery. Suppose we had pleaded payment or a release, could such a plea be considered dilatory? May not a party always demur for matter of substance, and his demurrer being disallowed, plead in bar of the bill? May he not have the judgment of the court upon the case stated in the bill, and then upon the fact, dehors the bill, on which defendant relies? A party may make an issue in law, and then an issue in fact, in every case.

It is also said, that defendants were not entitled to answer because defence to bill of revivor should be by demurrer or plea, but the contrary is laid down. Mitf. 77, 78, 118; Story, Eq. Pl. § 374, n. 4.

3. The decree is erroneous in this: The bill seeks to revive a pure money decree, and does not speak at all of a foreclosure suit or decree. It is plain that complainant could not, under any circumstances, prove the recovery of a decree for money by showing a decree of foreclosure. As there was no admission nor *pro confesso*, complainant was bound to prove a decree for money as alleged in his bill. He failed to make that proof, and therefore was not entitled to revive. Mitf. 78, 120, 290, 353.

It is plain that a revivor could be had only upon the decree described in the bill, for that is the sole purpose of it. Complainants cannot come asking a revivor of a certain specified decree, and then recover upon proof of a decree wholly different from that he describes.

But, in fact, here is no revivor, no decree reviving the cause in the name of the administrator, but only an authority to him to have it enforced, which cannot be done without a revivor.

*E. C. Wilkinson* for appellee.

I insist that the chancellor was right in his decree. After a demurrer overruled, a defendant is not allowed to plead in any case, without leave of the court upon a showing, because a court of chancery will not permit two dilatories. 1 Sim. & Stu. 511; *Rawley* v. *Eccles*, Con. Eng. Ch. R. 260; 3 P. Williams, 348.

And to a bill of revivor, you cannot (as a general rule) defend

by answer at all, but you must elect to defend either by plea or demurrer; upon the overruling either of which, the decree for a revivor passes, as a matter of course, the defence by answer not being in such a case permissible. *Lewis* v. *Bridgman*, 2 Sim. 465 ; Cooper, Pl. 302 ;· 3 Daniel's Ch./P. 1709, in margin ; 3 Paige, 206.

The only serious question in this case is, in fact, as to the competency of a defendant in equity to plead " two dilatories," to use the language of the books, in succession, without leave of the court. In other words, to put in a plea after a demurrer is overruled without leave of the court. If the case cited of *Rawly* v. *Eccles* is law, he clearly cannot. A work on chancery practice, the most modern and voluminous that I ever knew of, recognizes it, and adopts its doctrine in its text. 1 Daniel, 699, in the margin, 676. In this case, the defendant either did not ask leave of the chancellor to file a plea after his demurrer was pronounced bad, or if he asked it, it was refused him. It is quite clear that in neither of these cases can the matter be reconsidered here.

That the substance of the defendants' demurrer was bad, and therefore properly enough disallowed, is a matter too clear to justify serious debate. Mitf. Pl. 76, 77 ; Daniel's P. 1706, in margin.

Mr. Justice FISHER delivered the opinion of the court.

The appellee, as administrator of the estate of William M. Beall, deceased, filed a bill of revivor in the superior court of chancery, alleging that the said Beall, on the 24th of January, 1849, obtained a decree in said court against the appellants for the sum of $2,095.80, besides costs of suit. That after the decree was so obtained, Beall died; and that the appellee has been appointed by the probate court of Yazoo county, said Beall's administrator.

The prayer is that the appellants be required to show cause why the said decree should not be revived in the name of the appellee as such administrator, &c.

To this bill the appellants filed a demurrer, assigning as special cause : —

1st. " That the bill seeks to revive a decree, and is framed as an original bill ; " and,

2d. " It states a money decree, and shows that none such was rendered."

After a careful examination of the bill of revivor, we are unable to discover the force of these objections. The bill is certain and definite as to the date of the decree, the parties thereto, the court in which it was rendered, the death of Beall the original complainant, and the appointment of Slaughter as Beall's administrator. The bill also, in our opinion, contains the appropriate prayer, that the appellants show cause why the decree should not be revived in the name of the appellee as Beall's administrator, and be duly executed.

It is, however, argued by counsel that, upon overruling the demurrer, the chancellor, instead of proceeding immediately to make the proper order, reviving the decree, should have ordered the appellants to plead, or answer the bill within a certain time. This would unquestionably have been the correct mode of proceeding on overruling a demurrer to an original bill. The reason of the rule in such case is, that it is as much the complainant's right to have an answer to the various allegations of the bill, as it is the defendants' to make it. The original bill prays an answer, and this prayer must be responded to, unless the complainant himself shall waive it. Not so, however, in regard to bills of revivor in cases like the present. The whole controversy has been ended by the final decree. The only question which such bill brings before the court is, one relating not to the previous controversy, but to the title of the thing, or money decreed. The complainant in the revivor asserts that this title has in virtue of Beall's death, and the complainant's qualification as administrator, by operation of law vested in him; and hence prays that the court, upon becoming satisfied of the truth of these facts, shall so declare the law.

The appellees were brought before the court for the purpose of showing cause why the title of Beall, to the money named in the decree, should not be declared as having vested in Slaughter, and enforced accordingly. In thus showing cause, they were at liberty to aver any fact which put in issue the ren-

54*

dition of the decree, the complainant's title thereto, or deny that it was then in force, by alleging payment, &c. They, however, elected to demur to the bill, instead of pleading or showing cause, as above stated. Their demurrer was overruled, and they still fail to inform the court whether they have any defence to make to the merits of the bill, or any cause other than such as they present by their demurrer to show why the decree should not be revived in the name of the complainant. After a final decree settling the rights of the parties, as little delay as possible ought to be allowed in its execution. If it were equity that the complainant should have a certain sum of money, it was equity that he should have it at as early a day as possible after the decree was made. Hence in all proceedings to revive decrees, and where the defendants' demurrer is overruled, the chancellor should proceed by analogy to the practice at law, and require a showing of merits before permitting the party to plead. This practice is necessary to prevent delay, and to the speedy administration of justice in cases where the rights of the parties have been finally settled.

Decree affirmed.